Howell, J.
The Oity of New Orleans, having instituted proceedings in the Fourth District Court, in conformity to the Acts of 1882, p. 132, and of 1847, p. 162, and Besolutions of the Common Council, Nos. 144 and 247, new series, for the opening of Moreau, or Charters street, and Casacalvo, or Boyal street, three commissioners of estimate, and assessment were duly appointed, who made two distinct reports; one for each street to be opened, each of which was opposed by the city.and many individuals.
Upon the trial of these oppositions, the Court below rendered the following judgment:
“ It is ordered, adjudged and decreed,
1.That the opposition of the city of New Orleans to the amount of sixty thousand dollars, allowed to the Levee Steam Cotton Press Company, be dismissed, and that said amount be maintained on said tableau:
2.That the tableau be referred back to said commissioners, to be amended so as to allow thirty thousand dollars to Mrs. Lawrence, instead of forty thousand dollars; and that said commissioners be ordered to strike out all the amounts assessed to the neighboring proprietors for the cost of opening said streets:
3.And that the said commissioners be further ordered, before proceeding to the making of their new tableau, to meet at such places, and on such days and hours as they may select, to receive evidence on , the other oppositions herein filed, in order to correct their first appraisement, if they think proper to do so, reserving to all parties the right to urgo their oppositions before this Court, after the filing of the second tableau:
4.And lastly that all costs of these proceedings be charged to the city of New Orleans.”
From this judgment the city alone has appealed, and in answe Lawrence has asked the judgment be amended, by decreeing t abandonment, which she made to the city on the 10th January, her property, described in the report of the commissioners h valid and binding on the city, and -that she is entitled to reco *498 the city the whole value at which her land and improvements were assessed, and on such payment being made, the said land and improvements shall become the property of the city.
The questions before us are:
I. — The allowance of sixty thousand dollars to the Cotton Press Company and the oppositions thereto.
II. — The abandonment of her property by Mrs. Lawrence, and the allowance to her, if the abandonment is not maintained:
III. —The liability of the neighboring proprietors to contribute-.
1. We think the evidence in relation to the allowance of sixty thou-sand dollars to the Cotton Press Company is such as to require a new reference to the commissioners for a more equitable estimate, the one reported being larger than the testimony warrants.
2. Mrs. Lawrence contends that she made an abandonment in due time, under the 5th section of the Act of 1832, that it is binding on the City, which had no right to enquire into or question the estimate made by the commissioners, etc., as stated in her answer.
The report of the comissioners upon the cost of opening Casacalvo or Royal street is hot before us, and the evidence of any advertisement thereof, prior to the alleged abandonment, is not altogether satisfactory. But admitting that all was done in due form, we are not prepared to adopt Mrs. Lawrence’s view of the law.
The 3d section of the Act, in very clear terms, confers the right on any person, whose interest may be affected, to state his objections, in writing, to the reports of estimate and assessment, within a given time, and to continue objecting to the successive reports, until such are made as the Court will accept or confirm, which “ shall be final and conclusive, as well upon the mayor and city council of the said city of New Orleans, as upon all persons and parties interested in the lots, land and premises, mentioned in said report, and upon all other persons whom, soever.”
We think there can be no doubt that the city, as a corporation, is included in the word ‘person,’used aboved and that no part of the report is binding until confirmed by the court. We cannot adopt the opinion that, because one of the owners may be satisfied with the appraisement of his whole property, the city is denied the right to question the estimate, and is bound to take the property, whatever the price or value. This would make the community subject to the unrestrained caprice of these individuals. In our opinion, if there is anything in the 5th section of' the act, which, taken separately, appears to sustain the construction given to it by Mrs. Lawrence, that section should be construed with the other sections of the Act, so as to make all harmonize if possible, and we find no difficulty in harmonizing them.
The whole value, which the owner, by the Act, is at liberty to take and receive, is the value approved and confirmed by the Court. In this instance, the Court did not approve the reported estimate, and ruled correctly in admitting evidence of the value. We are not, however, satisfied that the sum allowed by the judgment is sustained by the evidence. This part of the report also should again be referred to the commissioners.
*499 3. — The liability of the neighboring proprietors for any part of the cost of opening the two in this case, is denied on three grounds:
1. The unconstitutionality of the law on which the claim is based, because of want of uniformity.
This question, we think, is correctly settled in the cases of Yeatman v. Crawdall, 11 A. 220, The Draining Company, 11 A. 370; and Wallace v. Shelton, 14 A. 498, where the principle was announced that the power of making local assessments for local improvements, not being taxation within the meaning of the Constitution, is not inconsistent with the article of said instrument establishing uniformity in taxation. The laws under which these proceedings are, consequently, not unconstitutional.
2. “ The assessment for plus value must be on property adjacent, or fronting on the street to be opened,” and further, the act of 1847, does not apply.
The construction given to the act of 1832, sustains the former ground here taken, but in our opinion the act of 1847, is applicable. It makes property in the neighborhood of the improvement, whether “ taken or not, liable to be assessed for the proportion of benefit derived from such improvements. ”
3. The assessment is made on property which is not benefited. This is a question to be determined by evidence, and upon which it is not now necessary for us to pass. The standard is, that the property must be benefited, in order to be made to contribute, and in the making and confirming of the new reports, an opportunity will be afforded to show what will, and what will not be benefited.
The question in regard to the contract between the city of New Orleans and the City Railroad Company, can properly have no influence upon the rights of the respective parties in this proceeding. That is a matter between the contracting parties only, and the bonus paid by the railroad company for the right of way through one or more streets cannot be considered as a contribution for opening a portion of said streets.
It is therefore ordered that the judgment appealed from be reversed; that the oppositions of the city of New Orleans to the allowances made to the Levee Steam Cotton Press and Mrs. Lawrence be maintained so far as to reject said allowances as excessive; that the case be remanded, with instructions to the District Court to refer the “ Reports of Commissioners for the opening of Casacalvo and Moreau streets, back to said commissioners for the purpose of preparing and presenting amended reports, in accordance the Acts of 1832, p. 132, and of 1847, p. 162, and the views expressed in the foregoing opinion, without prejudice to any of the legal rights of the parties interested.
Costs of appeal to be paid by the appellees, and those of the lower Court to abide the action of said Court.